UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERNE A. WATKINS,

                Petitioner,

  -against-                                           1:06-CR-0453 (LEK)

UNITED STATES OF AMERICA,

                Respondent.

**DECISION AND ORDER**

On February 19, 2009, Petitioner Berne A. Watkins ("Petitioner" or "Watkins"), *pro se* and currently incarcerated, filed a Motion with this Court seeking a "judicial recommendation pursuant to 18 U.S.C. §3621(b)(4), for designation to home confinement." Dkt. No. 29. For the reasons set forth below, Petitioner's Motion is dismissed without prejudice.

**I.    BACKGROUND**

On September 25, 2007, Watkins pled guilty to one count of wire fraud, in violation of 18 U.S.C. §§ 1342-1343, and one count of causing and aiding and abetting the making of false statements, in violation of 18 U.S.C. §§ 1010, 1012. Dkt. No. 14. On August 29, 2008, this Court sentenced Watkins to nine (9) months of imprisonment, three (3) years of supervised release, six (6) months home detention, 200 hours of community service, restitution in the amount of $792,685.41 and a total of $200 in special assessments. Dkt. No. 27. The term of imprisonment commenced on October 28, 2008. Dkt. No. 29.

Watkins now petitions this Court for a "judicial recommendation" to amend the terms of his sentence. Id. The Government opposes this Motion on procedural and substantive grounds.

Response to Motion (Dkt. No. 32).

## II.   DISCUSSION

In reviewing Petitioner's Motion, this Court follows the Second Circuit's instructions that courts should construe the pleadings of *pro se* litigants liberally. Phillips v. Girdich, 408 F.3d 124, 127-28 (2d Cir. 2005).  Petitioner requests habeas relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 29.  An action under § 2241 "generally challenges the execution of a federal prisoner's sentence" rather than the imposition of the sentence itself.  Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).  A petition pursuant to § 2241 is generally the appropriate vehicle to raise claims arising from "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions . . . and prison conditions."  Jiminian, 245 F.3d at 146 (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)).

The Second Circuit has made clear that a petitioner must exhaust his administrative remedies prior to filing an action under § 2241.  See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (citing Gonzalez v. Perrill, 919 F.2d 1, 2 (2d Cir. 1990)).[1]  The administrative remedies available to inmates incarcerated in the Bureau of Prisons ("BOP") are set out in the Administrative Remedy Program.  See generally 28 C.F.R. §§ 542.10-542.19; see also

---

[1] Although the Second Circuit recognizes a limited exception to the exhaustion requirement where exhaustion is not statutorily mandated and "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question," the facts of this case do not render it subject to this limited exception. Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003) (quotation marks omitted); compare Daraio v. Lappin, No. 8:08CV1812(MRK), 2009 U.S. Dist. LEXIS 9675, at *7-*10 (D. Conn. Feb. 9, 2009) (court waived administrative exhaustion requirement "given the particular circumstances . . . including, but not limited to, Ms. Daraio's argument that an appeal to the BOP would be futile, the obvious urgency of her Application, the extent of the factual record now before the Court, and the near certainty that forcing Ms. Daraio to re-file will render this case moot.").

Hardwick v. Ault, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with the Bureau of Prisons policy . . .'") (internal citation omitted)).  The BOP's Administrative Remedy Program allows an inmate to seek formal review of issues relating to any aspect of his imprisonment.  Id.

Petitioner has not made any effort to utilize the BOP's Administrative Remedy Program. Dkt. No. 29.  Given Petitioner's failure to exhaust available administrative remedies, as is required before an action may be brought under § 2241, this Court cannot address the merits of Petitioner's Motion.

Accordingly, it is hereby

**ORDERED**, that Petitioner's Motion (Dkt. No. 29) is **DISMISSED** without prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   April 30, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

3